Matthew Edward **PRICE**,
Petitioner–Appellant,

v.

**UNITED STATES of America**,
Respondent–Appellee.

No. 02–1073.

United States Court of Appeals,
Sixth Circuit.

March 26, 2003.

Before MERRITT and BATCHELDER, Circuit Judges; and DUPLANTIER, District Judge.*

## ORDER

Matthew Edward Price, proceeding pro se, appeals a district court order that denied his 28 U.S.C. § 2255 motion. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

Price was charged with two counts of bank robbery. Price pleaded guilty to Count One of the indictment, and he was sentenced to 60 months of imprisonment. He did not appeal.

In his § 2255 motion, Price argued that: (1) he was improperly scored for multiple counts under the Sentencing Guidelines because Count Two of the indictment was dismissed; and (2) counsel rendered ineffective assistance by failing to object to the scoring of a dismissed count and by failing to properly advise him regarding the consequences of his guilty plea.

The district court denied § 2255 relief, stating "Plaintiff has not shown that his sentence was calculated improperly under the sentencing guidelines or that he received ineffective assistance of counsel in entering his plea of guilty before this Court." The district court denied Price a certificate of appealability. We granted Price a certificate of appealability on his claim that counsel was ineffective.

In his timely appeal, Price argues that counsel was ineffective in failing to make him aware that he would be sentenced based upon his relevant conduct from the count that was dismissed as part of his plea agreement.

To establish ineffective assistance of counsel, Price is required to show that his attorney's performance was, under all of the circumstances, unreasonable under prevailing professional norms, and that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In a guilty plea context, a petitioner must satisfy the second prong of this test by showing that, were it not for counsel's alleged errors, he would not have pleaded guilty but would have insisted upon going to trial. *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

Price completely fails to satisfy the prejudice prong of the *Strickland/Hill* test. He stipulated that he committed the second bank robbery, which was charged in Count Two, and he attested that he was aware that the facts of that crime could be used to compute his sentence. Nothing indicates that Price misunderstood the stipulation or that, with some other understanding, he would have sought to withdraw his plea of guilty and would have insisted upon proceeding to trial.

Accordingly, we AFFIRM the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

---

* The Honorable Adrian G. Duplantier, United States District Judge for the Eastern District of Louisiana, sitting by designation.